IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PETER PAUL MITRANO, | ) | No. 1:09-cv-568 (AJT/JFA) |
| | ) | |
| Debtor/Appellant, | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Virginia ("Bankruptcy Court"), Chapter 13 Case No. 09-10842-SSM. Appellant Peter Paul Mitrano appeals from the Bankruptcy Court's February 10, 2009 Order Denying Credit Counseling Waiver and Dismissing Case and from the Bankruptcy Court's March 26, 2009 Order Denying Motion for Reconsideration. For the reasons explained below, the Bankruptcy Court's Orders are affirmed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2009, Peter Paul Mitrano ("Mitrano") filed a Chapter 13 bankruptcy petition with the Bankruptcy Court for adjustment of his debts. Mitrano's petition included the required "Exhibit D – Individual Debtor's Statement of Compliance with Credit Counseling Requirement" ("Debtor's Statement"). However, rather than checking one of the five statements on the Debtor's Statement, Mitrano struck the pre-printed language certifying that he had requested credit counseling services from an approved agency but was unable to obtain the services during the five day period beginning at the time he made his request and hand wrote the following:

> I am filing this petition to avoid a foreclosure on my house scheduled for tomorrow, February 6, 2009; I had hoped that I was going to avoid this

foreclosure. I shall make immediate arrangements to obtain credit counseling services.

On February 10, 2009, the Bankruptcy Court *sua sponte* issued an Order Denying Credit Counseling Waiver and Dismissing Case. The Bankruptcy Court concluded that because the Debtor's Statement shows on its face that Mitrano does not fall within the limited circumstances in which a deferment may be granted, the bankruptcy petition must be dismissed. *See* Order Denying Credit Counseling Waiver and Dismissing Case at 1, Case No. 09-10842-SSM (Doc. No. 14) [hereinafter Dismissal Order]. The Bankruptcy Court held that, although an impending foreclosure would generally qualify as an exigent circumstance, "in the absence of a request for counseling services and the inability to receive it within five days of the request, the court cannot grant a deferment no matter how compelling the circumstances and [the court] has no choice except to dismiss the case." *Id.* at 3 (citing *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005); *In re Murray*, No. 08-11101-SSM, 2008 WL 732730 (Bankr. E.D. Va. Mar. 17, 2008)).[1]

On February 20, 2009, Mitrano filed a motion for reconsideration with the Bankruptcy Court. *See* Motion for Reconsideration of this Court's "Order Denying Credit Counseling Waiver and Dismissing Case", Case No. 09-10842-SSM (Doc. No. 17) [hereinafter Motion for Reconsideration]. In the Motion for Reconsideration, Mitrano argued that the circumstances of his case justified a reconsideration of the Bankruptcy

---

[1] The Bankruptcy Court also noted that "[t]his is the debtor's second chapter 13 filing in this court. A prior petition was filed on May 22, 2008, and was dismissed on September 30, 2008, based on a determination that the debtor's noncontigent, liquidated claims exceeded the debt eligibility requirements of § 109(e), Bankruptcy Code, and that the petition itself had been filed in bad faith. *In re Mitrano*, No. 08-12890-SSM, 2008 WL 4533659 (Bankr. E.D. Va. Sept. 25, 2008). In that case, as in this, the debtor requested a temporary waiver of the credit counseling requirement based on exigent circumstances. That request was granted, and a certificate was eventually filed reflecting competition of the required credit counseling on June 19, 2008." Dismissal Order at 1 n.1.

2

Court's Order Dismissing Case. Specifically, Mitrano noted that the Chapter 13 trustee had not objected to the Debtor's Statement and request for a waiver of the credit counseling requirement and the requirement can and should be waived since the eligibility requirements of the Bankruptcy Code are not jurisdictional. Motion for Reconsideration at 3-4. The Bankruptcy Court denied Mitrano's Motion for Reconsideration on March 26, 2009. *See* Order Denying Motion for Reconsideration, Case No. 09-10842-SSM (Doc. No. 21). Mitrano then filed a notice of appeal on April 3, 2009.

## II. STANDARD OF REVIEW

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 158(a)(1). A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. On appeal, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Id.* A bankruptcy court's conclusions of law are reviewed *de novo*. *See In re Meredith*, 527 F.3d 372, 375 (4th Cir. 2008); *Gilbert v. Scratch 'N Smell, Inc.*, 756 F.2d 320 (4th Cir. 1985); *see also In re Phinney*, 405 B.R. 170, 175 (E.D. Va. 2009); *Lowe's of Virginia, Inc. v. Thomas*, 60 B.R. 418, 419 (E.D. Va. 1986). In cases where the issues present mixed questions of law and fact, the reviewing court applies the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts. *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 905 (4th Cir. 1996). Decisions committed to the discretion of the bankruptcy court are reviewed for

abuse of discretion. *See In re Morris*, 385 B.R. 823, 828 (E.D. Va. 2008); *Boleman Law Firm, P.C. v. U.S. Trustee*, 355 B.R. 548, 551 (E.D. Va. 2006).

### III. ANALYSIS

Mitrano does not directly contest the Bankruptcy Court's conclusion that he failed to satisfy the requirements of Section 109(h)(3), but rather contends that the Bankruptcy Court erred by enforcing the requirements of Section 109(h)(3) and dismissing his petition. Specifically, Mitrano contends that (1) the Bankruptcy Court erred by not exercising its discretion to excuse his failure to comply with Section 109(h) and instead treating the dismissal of his case as mandatory; and (2) the Bankruptcy Court erred in raising his non-compliance and dismissing his case *sua sponte*. Neither the Fourth Circuit nor any other circuit has directly addressed either of these issues. Moreover, no district court within this District has considered these issues and it appears that only one district court has issued an opinion concerning the first issue. *See Clippard v. Bass*, 365 B.R. 131, 135 (W.D. Tenn. 2007). Bankruptcy courts, however, are often confronted with these issues and several bankruptcy courts have directly considered the first issue, including the United States Bankruptcy Court for the Eastern District of Virginia. The issues on appeal are issues of law, which this Court will review *de novo*.

A. **The Bankruptcy Court's Ability to Exercise Judicial Discretion to Excuse Non-Compliance with Section 109(h)**

Section 109(h)(1) imposes, in effect, a condition of eligibility for a debtor to obtain relief under the Bankruptcy Code. *See* 11 U.S.C. § 109(h)(1) (*"an individual may not be a debtor under this title unless* such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outline[s] the opportunities for available credit counseling and assist[s] such individual in performing a related budget analysis."

4

(emphasis added)). Section 109(h)(3)(A) provides for a deferment of this requirement only where a debtor establishes that: (1) exigent circumstances merit a waiver of the Section 109(h)(1) requirement; (2) the debtor requested credit counseling services from an approved agency, but was unable to obtain the services within five days of making the request; and (3) the certification is satisfactory to the court. *See id.* at § 109(h)(3)(A). According to the plain meaning of the statute, the three requirements of Section 109(h)(3)(A) are conjunctive, and a debtor therefore must assert sufficient facts in the certificate to satisfy all three requirements to be eligible for a deferral. *Clippard*, 365 B.R. at 135; *In re Childs*, 335 B.R. 623, 630 (Bankr. D. Md. 2005); *In re Watson*, 332 B.R. at 745.

Section 109(h) does not expressly state the consequences of a debtor's failure to satisfy its requirements, and those courts that have addressed whether such a failure mandates dismissal have reached differing conclusions. The two most cited opinions on point are *Clippard v. Bass*, a district court decision that held that bankruptcy courts have no discretion to deviate from the precise conditions established in Section 109(h), and *In re Hess*, a bankruptcy court decision that concluded that judicial discretion may be exercised when deciding whether to dismiss a petition for failure to comply with Section 109(h) based on equitable considerations. *Clippard*, 365 B.R. at 137;[2] *In re Hess*, 347 B.R. 489 (Bankr. D. Vt. 2006).[3] Here, Mitrano contends that *In re Hess* and the other cases similarly holding that a bankruptcy court has discretion to excuse the failure to comply with the requirements of Section 109(h) are correct.

---

[2] *See In re Watson*, 332 B.R. at 745-46 (finding that debtor's failure to make a showing that he made any request for credit counseling services "serves as a fatal flaw under Section 109(h)(3)(A)(ii) and the [d]ebtor cannot satisfy the eligibility requirements set forth under Section 109(h)."); *see also In re Karim*, No. 09-11268-SSM, 2009 WL 2044694, at *2 (Bankr. E.D.Va. July 7, 2009); *In re Wright*, No. 08-16170-SSM, 2008 WL 4572508, at *1 (Bankr. E.D.Va. Oct. 10, 2008); *In re Murray*, 2008 WL 732730, at *1.

[3] *See also In re Nichols*, 362 B.R. 88, 93 (Bankr. S.D.N.Y. 2007) (relying on *In re Hess*).

Central to the analysis of those courts that have found a role for judicial discretion in applying Section 109(h) is the principle that judicial discretion must be exercised where strict application of a statute's plain language would result in "manifest injustice." *See, e.g., In re Hess*, 347 B.R. at 495 (the "Supreme Court has also recognized that when strict application of the plain language [of a statute] would result in manifest injustice, judicial discretion must be exercised" (citing *Holy Trinity Church v. United States*, 143 U.S. 457, 459 (1892))). This rule of statutory construction, when coupled with the discretion that a bankruptcy court generally has in deciding whether to dismiss a bankruptcy petition, has led these courts to conclude that a bankruptcy court has rather broad discretion to excuse non-compliance with Section 109(h) even without a showing of "manifest injustice." *See In re Hess*, 347 B.R. at 496 (finding that bankruptcy courts have judicial discretion under Section 707, which sets forth the statutory mechanism for dismissing Chapter 7 cases). Under this view, a bankruptcy court may therefore consider factors such as whether a debtor "took all reasonable steps to comply" with Section 109(h) or whether other considerations justify waiving the requirement altogether. *See id.* at 499-50.

On the other hand, those Courts that have found that there is no discretion to waive, modify or defer the requirements of Section 109(h) have subscribed to the principle that a bankruptcy court's equitable powers cannot be used to excuse compliance with clear and unambiguous statutory requirements. *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); *see also Clippard*, 365 B.R. at 137 (relying on *In re Middleton Arms, Ltd. P'ship*, 934 F.2d 723, 725 (6th Cir. 1991), which

6

acknowledges that "bankruptcy courts cannot use equitable principles to disregard unambiguous statutory language.")

The bankruptcy court decisions in this district have generally subscribed to the view that there is no discretion in applying the requirements of Section 109(h). In this case, the Bankruptcy Court found that the requirements of Section 109(h) are mandatory and that the Court may not waive, modify or defer those requirements, "no matter how compelling the circumstances," even though there may be equitable considerations working in the debtors' favor. *See* Dismissal Order at 3 (citing cases). For this reason, the Bankruptcy Court found that it had no choice except to dismiss Mitrano's bankruptcy petition, even though Mitrano may have been "strung along by a creditor and . . . thereby lulled into thinking that a bankruptcy court filing will not be necessary." *See id.*

The bankruptcy court decisions in this district also recognize, *sub silentio*, that there may be some discretion, under extraordinary circumstances, to excuse compliance with the requirements of Section 109(h), such as where compliance is literally impossible. *See, e.g., In re Vollmer*, 361 B.R. 811, 813-815 (Bankr. E.D. Va. 2007) (waiving the requirements of Section 109(h) where "[t]he Debtor was unable to request credit counseling services in person because he was incarcerated, and he was unable to request credit counseling services by telephone or by internet briefing because he had no access to either a telephone or a computer."). There is certainly support for this view, not only under the "manifest injustice" standard articulated by the United States Supreme Court in *Holy Trinity Church*, but also under general principles recognized in this Circuit. *See In re Landbank Equity Corp.*, 973 F.2d 265, 271 (4th Cir. 1992) (recognizing that a bankruptcy court's status as a court of equity "does not confer on the court unlimited authority to ignore plain statutory requirements" but that "[t]here do exist equitable

doctrines available for use in those extraordinary cases in which manifest injustice would result if established legal principles were to be applied.").[4]

This Court concludes that the legal standard applied by the Bankruptcy Court in dismissing Mitrano's bankruptcy petition is the correct one. Like other circuits, the Fourth Circuit has made clear that plain statutory requirements should be applied as written. *See In re Landbank Equity Corp.*, 973 F.2d at 271 ("'Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law.'" (quoting *INS v. Pangilinan*, 486 U.S. 875, 883 (1988))). The requirements of Section 109(h) are clear and unambiguous. The Bankruptcy Court did not have the discretion to ignore, modify, or defer them in his case, except in the limited circumstances set forth in Sections 109(h)(2), (3) and (4). The credit counseling requirement is part of an overall matrix of requirements and is central, not peripheral, to the bankruptcy process since compliance with Section 109(h) is a prerequisite to obtaining relief under the bankruptcy code. By definition, an individual may not be a debtor who is eligible for bankruptcy relief unless he has complied with Section 109(h). *See* 11 U.S.C. § 109(h); 11 U.S.C. §301(a); *see also* H.R. REP. NO. 109-31 (2005) (the Report of the Committee on the Judiciary for the House of Representatives noted that the purpose of Section 109(h) is to

---

[4] This case does not require this Court to decide the broader question whether such equitable doctrines may be invoked in "extraordinary cases" to excuse non-compliance with Section 109(h) under the doctrine of "manifest injustice." The circumstances surrounding Mitrano's failure to comply with Section 109(h) do not make this an "extraordinary case." Mitrano was clearly aware of the credit counseling requirements as he had previously sought and been granted a deferral under Section 109(h). *See In re Mitrano*, No. 08-12890-SSM, 2008 WL 4533659 (Bankr. E.D. Va. Sept. 25, 2008). It was not impossible for Mitrano to request credit counseling services in the first instance; rather, he made a choice not to seek credit counseling services or file for bankruptcy protection until the day before a foreclosure on his house was scheduled. Moreover, Mitrano is not precluded from obtaining bankruptcy protection by refilling after obtaining or seeking the requisite credit counseling services. *See* Dismissal Order at 3-4 (noting that although dismissal is without formal prejudice to refilling, an automatic stay may not arise under Section 362(c)(4)).

"require[] debtors to receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences.") . Whether the requirements of Section 109(h) are wise or useful is irrelevant – they are clear requirements of the Bankruptcy Code.

Because Mitrano did not satisfy the requirements of Section 109(h) or qualify for a deferral of the credit counseling requirement, he is not eligible to be a debtor under the bankruptcy code. The Bankruptcy Court therefore properly dismissed his appeal for non-compliance with Section 109(h).

**B.     The Bankruptcy Court's Ability to Dismiss a Case *Sua Sponte* for Failure to Comply with Section 109(h)**

Mitrano also contends that the Bankruptcy Court erred by raising his non-compliance with Section 109(h) and dismissing his case *sua sponte*. To commence a bankruptcy case, an individual must be an eligible debtor.[6] As discussed above, Section 109(h)(1) imposes, in effect, a condition of eligibility for a debtor to obtain relief under the Bankruptcy Code. *See* 11 U.S.C. § 109(h)(1). Although the eligibility requirements of Section 109 may not be jurisdictional,[7]

---

[6] "A voluntary case under a chapter of [the Bankruptcy Code] is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a *debtor* under such chapter." 11 U.S.C. § 301(a) (emphasis added). The Bankruptcy Code defines "debtor" as a "person or municipality concerning which a case under this title has been commenced." *Id.* at § 101(13).

[7] The Bankruptcy Court for the Eastern District of Virginia has stated that the eligibility requirements of Section 109 are not jurisdictional. *In re Vollmer*, 361 B.R. at 813-14; *see also Phillips v. Phillips*, 844 F.2d 235, 236 n.2 (5th Cir. 1988) (finding that lack of eligibility does not raise issue of subject matter jurisdiction); *In re Seaman*, 340 B.R. 698, 707 (Bankr. E.D.N.Y. 2006); *In re Tomco*, 339 B.R. 145 (Bankr. W.D. Pa. 2006); *In re Ross*, 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006); *but see In re Giles*, 361 B.R. 212, 214 (Bankr. D. Utah 2007) (finding that bankruptcy court lacks jurisdiction over debtor's case, where debtor fails to comply with credit counseling requirement); *In re Hawkins*, 340 B.R. 642, 643-46 (Bankr. D.D.C. 2006) (finding that prepetition credit counseling requirement is in nature of jurisdictional prerequisite).

courts have held that the proper remedy for failure to comply with Section 109(h) is dismissal of the debtor's case, as one who is not a debtor cannot obtain relief under the Bankruptcy Code. *See In re Ross*, 338 B.R. at 136 ("[U]pon timely determination that an individual ineligible to be a [Chapter 13] debtor under § 109(h) has filed a petition, the proper remedy is dismissal of the case.").

Section 105 of the Bankruptcy Code, entitled "Power of Court," provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Even where other provisions of the Bankruptcy Code expressly provide for the raising of an issue by a party in interest, such as Sections 707 and 1307, a bankruptcy court may still take action *sua sponte* pursuant to 105(a). *See id.* ("No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."). Thus, bankruptcy courts necessarily have authority to dismiss cases *sua sponte* where the filer has failed to satisfy 109(h) and consequently is not an eligible debtor. Without such authority, a bankruptcy court might be required to allow a bankruptcy case to continue where the debtor does not qualify for any relief, thereby burdening the courts, creditors, and the debtor himself with a futile process.

Accordingly, the Bankruptcy Court did not err in raising the issue of dismissal *sua sponte* or in dismissing Mitrano's case for failure to comply with Section 109(h). The Bankruptcy Court's Order Denying Credit Counseling Waiver and Dismissing Case is therefore affirmed.

C.  **The Bankruptcy Court's Denial of Mitrano's Motion for Reconsideration**

On appeal, Mitrano also contends that the Bankruptcy Court erred in denying his motion for reconsideration. A motion to reconsider is governed by Rule 59(e) of the Federal Rules of

Civil Procedure, made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure. There are three recognized grounds for amending an earlier judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent a manifest injustice. *See Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *In re Morris*, 365 B.R. 613, 617 (Bankr. E.D. Va. 2007) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). In general, reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.), *cert. denied*, 525 U.S. 1104 (1999). A motion for reconsideration is addressed to the discretion of the bankruptcy court. Thus, on appeal a district court reviews a bankruptcy court's order on a Rule 59(e) motion for abuse of discretion, unless the underlying order to which the Rule 59 motion applies is a ruling on a pure question of law, in which case the Court should review the order denying reconsideration *de novo*. *See Lockheed Martin*, 116 F.3d at 112 ("We review an order granting a Rule 59(e) motion under an abuse of discretion standard."); *see also In re Keeler*, 273 B.R. 416, 418 n.1, 422 (D. Md. 2002).

Mitrano's Motion for Reconsideration did not rely on any change in law or new evidence that was previously unavailable. The sole issue, therefore, is whether the Bankruptcy Court's judgment was founded on a clear error of law or resulted in manifest injustice. As this Court finds no error in the Bankruptcy Court's decision dismissing Mitrano's case, the Bankruptcy Court's Order Denying Motion for Reconsideration is also affirmed.

## IV. CONCLUSION

For the reasons explained above, the Bankruptcy Court's Orders are affirmed. An appropriate Order will issue.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
August 4, 2009